UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK HERRSCHAFT,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL KELLY,<br><br>    Defendant. | Case No. 24–cv–11465–ESK–EAP<br><br><br>OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on *pro se* plaintiff Patrick Herrschaft's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Complaint). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that he is being subjected to unconstitutional conditions of confinement within the Atlantic County Jail (Jail). (ECF No. 1 p. 5.) He states that the toilets do not flush and the windows in his cell have been painted over. (*Id.*) He states that he had to sleep next to the toilet because there are three people in a cell designed for two detainees. (*Id.*) He further alleges that he was assaulted and almost bled to death as a result. (*Id.*)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).at 251).

## III. DISCUSSION

Plaintiff has not alleged facts that would allow me to reasonably infer that defendant Michael Kelly, the Jail's warden, was personally responsible for the conditions, the assault on plaintiff, or plaintiff's failure to receive prompt medical treatment. "A defendant in a civil rights action must have personal

involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Plaintiff has not provided any facts that meet this standard. I will dismiss this claim without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because plaintiff may be able to allege facts that would cure the deficiencies identified above, I will grant plaintiff 45 days to submit a proposed amended complaint. The proposed amended complaint will be subject to my § 1915 review prior to service. Failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by the Court.

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may submit a proposed amended complaint within 45 days. An appropriate Order accompanies this Opinion.

                                             */s/ Edward S. Kiel*
                                             EDWARD S. KIEL
                                             UNITED STATES DISTRICT JUDGE

Dated: July 17, 2025